FILED

UNITED STATES DISTRICT COURT     2005 NOV 18  A 9: 47
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
NEW HAVEN, CT

| | | |
|---|---|---|
| T. BARRY STEPHENS | : | CIVIL ACTION NO.<br>3:01 CV 2267 (JBA) |
| Plaintiff | : | |
| v. | : | |
| TES Franchising, L.L.C., a CT LLC.<br>The Entrepreneurs' Source, Inc., a Delaware Corp.<br>Terry Powell, a resident of Southbury, CT | | |
| Defendants | : | November 17, 2005 |

## MOTION TO VACATE ARBITRATION AWARD
## AND NOTICE OF MOTION

Plaintiff T. Barry Stephens ("Stephens") moves for an order, pursuant to Title 9, United States Code, Section 10, with respect to the award of the arbitrator dated August 18, 2005 ("the Award") **filed in the arbitration between the Defendants, TES Franchising, LLC ("TES, LLC"), The Entrepreneur's Source, Inc. ("TES, Inc.") and Terry Powell ("Powell"), collectively "the TES Parties" or "TES," as the Claimants, and Stephens, as the Respondent, administered by the Northeast Case Management Center of the American Arbitration Association ("the Association") as Case No. 12 114 00967 01,** vacating that portion of the Award pertaining to the Counter-Demand (or Cross-Claim) of Stephens, and respectfully alleges:

        1.      The Parties have heretofore been before this court in this action since on or

about December 5, 2001.

2.   The jurisdiction of this court was invoked under Title 9, United States Code, particularly Section 10 thereof, and under Title 28, United States Code, Section 1332. The amount in controversy exceeds, exclusive of interest and costs, $75,000.

3.   On June 16, 2000, Stephens and TES LLC entered into a written franchise agreement "the Franchise Agreement," a true copy of which is attached as Exhibit 26.

4.   The Franchise Agreement involves interstate commerce; namely, the offer, sale and servicing of franchises.

5.   The Franchise Agreement contains in Section 20.01 a requirement that TES LLC and Stephens arbitrate their disputes by arbitration "in accordance with the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association."

6.   On July 12, 2004, the court ordered the Parties, including TES Inc. and Terry Powell, to arbitrate the disputes between them. TES, Inc., had filed a demand for arbitration against Stephens with the American Arbitration Association ("the Association") and Stephens had filed this action against the three TES Parties.

7.   Stephens filed an answering statement and a counter-demand (labeled "cross-claim" by the Arbitrator) against all three TES Parties with the Association. The Parties proceeded to arbitrate their disputes under the administration of the Association.

8.   Roy L. DeBarbieri, Esquire ("the Arbitrator"), of New Haven,

Connecticut, was appointed arbitrator by the Association.

9. Thereafter, the Arbitrator held a hearing in his offices in New Haven, Connecticut, in which all Parties appeared, represented by counsel, and received oral and documentary evidence. Subsequently, the Arbitrator received and read briefs submitted by the Parties.

10. The Arbitrator made an Award on August 18, 2005, a true copy of which is attached as Exhibit 12. The Award found against the TES Parties on their claims against Stephens and against Stephens on his claims against the TES Parties, and directed that the administrative costs of the arbitration proceeding be divided equally between the TES Parties, on the one hand, and Stephens, on the other.

11. In making the Award against Stephens on his counter-demand, the Arbitrator manifestly ignored certain laws of Connecticut and Florida and was evidently partial to the TES Parties, all as more specifically stated in Stephens' memorandum in support of this Motion appended hereto.

Wherefore, Stephens moves the court: for an order vacating the Award, to the extent it applies to Stephens' Counter-Demand, on the grounds that the arbitrator manifestly ignored certain laws of Connecticut and Florida and was evidently partial to the TES Parties, as heretofore stated; and for an order staying all proceedings to enforce the award pending the hearing and determination of this application.

Respectfully submitted

By His Attorneys:

_____   _____
John Q. Gale                               Mark J. Klein
Federal Bar #ct05206                       Federal Bar #ct23210
GALE & KOWALYSHYN, LLC                     MARK J. KLEIN, P.C.
363 Main Street, 4th Flooor                1102 Grand Blvd., Ste. 1102
Hartford, CT 06106                         Kansas City, MO 64199-3471
Tele    (860) 522-8296                     Tele    (816) 474-6137
Fax     (860) 522-8298                     Fax     (816) 474-0207

## NOTICE OF APPLICATION

Please take notice that on _____, at _____, or as soon after that as counsel can be heard, at the courthouse of the United States District Court for the District of Connecticut at _____, New Haven, Connecticut _____, Plaintiff T. Barry Stephens ("Stephens") will bring the above application for hearing.

_____   _____
John Q. Gale                               Mark J. Klein
Federal Bar #ct05206                       Federal Bar #ct23210
GALE & KOWALYSHYN, LLC                     MARK J. KLEIN, P.C.
363 Main Street, 4th Flooor                1102 Grand Blvd., Ste. 1102
Hartford, CT 06106                         Kansas City, MO 64199-3471
Tele    (860) 522-8296                     Tele    (816) 474-6137
Fax     (860) 522-8298                     Fax     (816) 474-0207

## CERTIFICATE OF SERVICE

This is to certify that the foregoing motion and supporting memorandum was sent by overnight courier on this date to the following:

Alec G. Sohmer, Esq.
LAW OFFICE OF ALEC SOHMER, LLC
71 Legion Parkway, Ste. 23
Brockton, MA 02301

Nov 17, 2005

Scott C. Kern, Esq.
SCOTT C. KERN, ATTORNEY-AT-LAW,

205 Church Street, Ste. 321
New Haven, CT 06510

Mark J. Klein, Esq./John Q. Gale, Esq.