## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **T. Barry Stephens** | : | **Civil Action No.** |
| **Plaintiff** | : | **3:01 CV 2267 (JBA)** |
| | : | |
| **v.** | : | |
| | : | |
| **TES Franchising, LLC,** | : | |
| **The Entrepreneur's Source, Inc.** | : | |
| **and** | : | |
| **Terry Powell** | : | |
| **Defendants** | : | **December 16, 2005** |

### Defendant's Memorandum in Opposition to Plaintiff's Motion to Vacate Arbitration Award

The Defendants, TES Franchising, LLC, The Entrepreneur's Source, Inc. and Terry Powell respectfully file this Memorandum in Opposition to Plaintiff's Motion to Vacate Arbitration Award and request that the court deny said Motion to Vacate for the reasons state below.

The Plaintiff has moved to vacate the award issued by Arbitrator Roy DeBarbieri in the matter of *Barry Stephens and TES Franchising, LLC, The Entrepreneur's Source, Inc. and Terry Powell*, case number 12 114 00967 01 administered by the American Arbitration Association. The grounds for the Motion to Vacate are that Arbitrator DeBarbieri was evidently partial toward the TES parties, that he manifestly disregarded certain laws of the State of Connecticut and the State of Florida and that his award violated public policy.

**I. Arbitrator DeBarbieri is an seasoned attorney and arbitrator with considerable experience with claims similar to those in the instant case, and he executed his duties properly and without bias.**

The Plaintiff admits that Arbitrator DeBarbieri has vast experience as an attorney and arbitrator in cases focused on issues similar to those presented in this matter (Stephen's Memorandum in Support, 11/17/05, page 3).

Nothing in the conduct of the hearing by Arbitrator DeBarbieri suggested any impropriety or bias toward any party or witness. Nothing in his Award of Arbitrator dated August 18, 2005 suggests otherwise. The plaintiff has not pointed to any evidence of partiality.

**II. The burden of establishing proper grounds for vacating the award of an arbitrator under Connecticut law or the Federal Arbitration Act is a heavy one.**

The Plaintiff describes manifest disregard of the law by the arbitrator, evident partiality on the part of the arbitrator and an award which requires violation of a public policy as proper grounds for vacatur under the Federal Arbitration Act (Memorandum in Support, page 11). Connecticut law recognizes similar grounds for vacatur. Connecticut General Statutes section 52-418.

The Defendants will argue below that no evidence whatsoever has been presented to reflect disregard or even misinterpretation, of any law; that there is no evidence whatsoever of any partiality on the arbitrator's part; and that the Award of Arbitrator violates no public policy.

The Defendants do not need to convince the court that there was no error of law or interpretation of fact. The Plaintiff admits that the proof of mere error by the arbitrator or failure to understand the applicable law is not sufficient grounds to justify vacating the award (Memorandum in Support, page 12, citing *Success Systems, Inc. v. Maddy*

*Petroleum Equipment, Inc.*, 316 F.Supp. 2d 93, 96-97, 99-100 (D.C. Conn. May 3, 2004).) It should be noted that manifest disregard of the law is a common law justification for vacating an arbitration award that applies only in rare instances. Judge Kravitz said in *Success Systems, Inc., supra,.* that this justification of vacatur only applies "where egregious impropriety on the part of the arbitrators is apparent but where none of the provisions of the FAA apply." *Success Systems, Inc., supra* at 97. The strength of the language employed by Judge Kravitz in limiting the application of this doctrine of manifest disregard of the law cannot be overstated. The court said that a manifest disregard claim does not justify vacatur in any situation as long as the court "can glean 'even a barely colorable justification' for the award from the record." *Success Systems, Inc., supra* at 100 (internal quotation omitted). Judge Kravitz wrote: "[m]anifest disregard is about defiance or willful flouting of the law and not about mere legal errors...." *Id.*

The court is instructed by the *Success Systems, Inc.* opinion to ask, first, whether the law alleged to have been disregarded by the arbitrator was "well-defined, explicit and clearly applicable." *Success Systems, Inc., supra* at 99 (internal quotation omitted). The much higher hurdle comes when the court asks, second, whether there is proof in the record that the arbitrator was aware that the particular law governed the case but decided not to apply it anyway. *Success Systems, Inc., supra* at 100.

The instant Motion to Vacate fails because the Plaintiff is merely asking the court to second guess the decisions of fact and interpretations of law made by the arbitrator when the standard for vacatur is a question of whether there was abuse -- "egregious impropriety" and "wilful flouting of the law" -- on the part of the arbitrator. The Plaintiff

offers nothing but assumptions to establish that Arbitrator DeBarbieri knew the law but

refused to apply it properly.

**III. The Plaintiff's argument for vacating the award is based on a gross misrepresentation of the arbitrator's reasons for the award.**

The Plaintiff would have the court believe that "[t]he Arbitrator found in favor of

the TES Parties on all counts solely because he determined that Stephens did not

reasonably rely on the misrepresentations of the TES Parties... (Memorandum in

Support, page 7). " The Plaintiff repeats this central theme of his argument, saying, "[i]n

effect, the Arbitrator based the entire award on the finding that Stephens did not rely

reasonably on the misrepresentations of the TES Parties (Memorandum in Support, page

13)." Those statements are wholly inaccurate and grossly misrepresent the Award of

Arbitrator.

These inaccurate descriptions of the award are meant to establish that the

arbitrator ignored certain precedent under the Connecticut Unfair Trade Practices Act.

The Plaintiff argued unsuccessfully in his briefs to the arbitrator that a Plaintiff need not

show that he reasonably relied upon a misrepresentation by a Defendant in order to make

out a claim under the Connecticut Unfair Trade Practices Act.  In response, the

Defendants argued in briefs to the arbitrator that no damages can be awarded under

CUTPA arising out of a misrepresentation unless the misrepresentation is found to be

"material." The definition of material is that the misrepresentation must be of a kind

likely to cause reliance. This issue, though briefed by the parties, was not mentioned at

all in the arbitrator's award.  The arbitrator never reached the question of whether

Stephens had reasonably relied upon misrepresentations made by the Defendants,

because he found that no material misrepresentations had been made.

The Plaintiff's description of the award quoted above are truly gross misrepresentations of what Arbitrator DeBarbieri wrote. Saying that the award was based on a finding that Stephens did not reasonably rely on misrepresentations by the Defendants is wholly unsupported by the language of the award. The award never mentions reliance at all -- not "reasonable reliance," not "justifiable reliance." Neither the word reliance nor any derivative of it appear in the Award for Arbitration.

The essence of the arbitrator's award was, instead, a finding that TES had made no actionable misrepresentations to the Plaintiff. The arbitrator wrote that "none of the claimed misrepresentations are material, or significantly misleading, as to have caused the damages that Mr. Stephens claims (Award of Arbitrator, paragraph 15, Exhibit 12 to Memorandum in Support). " It is quite clear that Arbitrator DeBarbieri found that there was no convincing evidence that any representations made to Stephens rose to the level of actionable misrepresentations.

It is not surprising, therefore, that the award does not mention reliance. Once it is established that no misrepresentations were made, there is no reason to reach the question of whether the Plaintiff relied upon misrepresentations. The arbitrator could not have disregarded the precedent with respect to reliance, because he never reached the question of whether reasonable reliance was required by law or was present in this case.

Similarly, the Plaintiff argues that the arbitrator disregarded the Florida Franchise Act. That act provides a remedy only upon a showing of an intentional misrepresentation about specific elements of a franchise offering. Having found that "none of the claimed misrepresentations are material, or significantly misleading, as to have caused the damages that Mr. Stephens claims (Award of Arbitrator, paragraph 15, Exhibit 12 to

Memorandum in Support)," the arbitrator correctly determined that no violation of the Florida Franchise Act had occurred.

## IV. Although admitting that the Plaintiff must establish egregious misdeeds on the part of the arbitrator, the Plaintiff makes only weak and strained arguments to suggest his alleged disregard of the law and partiality.

To establish that the law surrounding the Connecticut Unfair Trade Practices Act was improperly disregarded, the Plaintiff first claims that paragraph 13 of Arbitrator DeBarbieri's award is "the basis for his entire ruling against Stephens… (Memorandum in Support, page 12)." The Defendants invite the court to read paragraph 13 of the award carefully. It is a description of Mr. Stephens and of his testimony. None of the substantive holding of the award is announced in that paragraph. Neither are the legal or factual bases of the holding described in that paragraph. The Plaintiff's interpretation of the paragraph is grossly distorted.

The Plaintiff hints at that weakness in his Memorandum in Support saying that the facts recited in paragraph 13 of the award "must be presumed" to be the entire basis of the award (Memorandum in Support, page 12)." Similarly, the Plaintiff is forced to argue that "it must be presumed that the arbitrator found against Stephens on his claim under the Florida Franchise Act because of the sophistication, education and experience of Mr. Stephens and the fact that he admitted to reading and understanding the UFOC and the franchise agreement when he signed them (Memorandum in Support, page 17)." Echoing these weak assumptions and presumptions, the Plaintiff argues that the award does not satisfy the test of *Success Systems, Inc.*, saying simply that the arbitrator "must have known what [the] governing law was but specifically decided to disregard it (Memorandum in Support, page 14)."

6

Each time the Plaintiff argues that Arbitrator DeBarbieri disregarded the law, he finds it necessary to first make an assumption about some fact, motivation or thought. If such weak logic is required to challenge the arbitrator's reasoning, then this is clearly a situation where the court "can glean 'even a barely colorable justification' for the award from the record." *Success Systems, Inc., supra* at 100. The Motion to Vacate is simply not supported by suggestions of legal mistake based on assumptions.

## V. Under the guise of an argument that the law has been disregarded, the Plaintiff is actually seeking to relitigate the facts of the case.

The bulk of the Plaintiff's Memorandum in Support is a self serving recitation of facts which he believes that arbitrator got wrong. The Plaintiff describes at great length the alleged misrepresentations that were fully litigated at the hearing (Memorandum in Support, page 8-10). The Plaintiff provides very extensive argument about his interpretation of the facts of the case (Memorandum in Support, pages 15-16). Claiming that he proved a manifest disregard of the Florida Franchise Act, the Plaintiff seeks to relitigate the validity of a Department of Commerce survey that was discussed extensively at the hearing (Memorandum in Support, page 18).

The Plaintiff goes into great detail about the opening and closing of franchises by TES Franchising, LLC with the intention of proving to the court that the TES franchise system is not successful (Memorandum in Support, page 22). To even introduce this argument, the Plaintiff admits he has made an assumption about the timing of the opening and closing of these franchises which is not contained in the record. The Plaintiff further ignores evidence in the record that the annual percentages of TES Franchise closures compares favorably with mature franchise companies according to statistics provided by the Plaintiff's own expert witness (Reply Brief of The Entrepreneur's Source, Inc., TES

Franchising, LLC and Terry Powell submitted to the arbitrator 7/29/2005, page 5, Exhibit 11 to Motion to Vacate).

Each of these factual issues which the Plaintiff wishes to relitigate are introduced in strained arguments to show disregard of the law and partiality. They do not establish adequate grounds for vacatur, and the court should not permit the relitigation of those facts on this motion or elsewhere.

## VI. The Plaintiff advances no colorable evidence of partiality on the part of the arbitrator.

The Plaintiff argues with little explanation that the evidence of manifest disregard of the law is also evidence that Arbitrator DeBarbieri was biased in favor of the Defendants. For the reasons states above, the Defendants argue that there was no disregard of the law or even any misinterpretation of the law that could possibly be evidence of partiality.

In a puzzling argument, the Plaintiff claims that the arbitrator was biased because he wrote that Stephens "now claims that he misunderstood the intention of the TES franchise business... (Award of Arbitrator, paragraph 13)." First, characterizing Stephens as having misunderstood the franchise simply does not constitute evidence of partiality. Second, Stephens' testimony established without question that he did misunderstand the intention of the TES franchise business. It is clear that the arbitrator found that Mr. Stephens' misunderstanding did not result from any misrepresentations made by the Defendants (Award of Arbitrator, paragraph 13). The finding was based on the evidence and does not reflect bias.

Finally, the Plaintiff argues that the arbitrator disregarded certain evidence and that this shows his partiality. Note that the Plaintiff does not complain that the arbitrator

improperly excluded any evidence or stated a decision to disregard any evidence. Instead, the Plaintiff argues again that the award was based completely on the experience and sophistication of Mr. Stephens and that the award "presumes that somewhere in those franchise documents… were facts negating each and every one of Stephens' claims. The record, minimal as it may be in this proceeding, indicates otherwise (Memorandum in Support, page 21)." Again, the Plaintiff has grossly mischaracterized the facts. This is a stunning statement in light of the fact that Section 24.01 of the Consultant Franchise Agreement between Stephens and TES Franchising, LLC contains an acknowledgment from Stephens that no representation had been made to him about the franchised business not contained in certain documents (Consultant Franchise Agreement, Section 24.01, Exhibit 26 to Motion to Vacate). Similar evidence clearly contradictory of Plaintiff's argument is found in the Uniform Franchise Offering Circular which Stephens received and acknowledged reading before buying his franchise. That document clearly states that TES does not furnish any representations with respect to the sales, income or profits of the franchise business (Uniform Franchise Offering Circular, Item 19, page 22, Exhibit 25 to Motion to Vacate). Despite his argument to the contrary, this evidence from the record absolutely and clearly negate each and every one of Stephens claims for misrepresentations.[1]

**VII. The argument that the award should be vacated because it violated public policy by requiring the Plaintiff to participate in and further the Defendant's illegal and unethical activity is not well taken.**

As fully described above, the arbitrator held that no wrongful misrepresentations had been made by TES. The arbitrator also found that "TES' franchise system or

---

[1] The arbitrator does not mention these disclaimers in the Award of Arbitrator. Having found that no material representations were ever made it was not necessary for him to reach the question of the effect of the disclaimer language.

9

products sold by [TES] is a workable product and that other Franchisees have had success in purchasing and using the product and services of the franchise system." Nowhere does the award suggest that the TES business is illegal or unethical in any way. The finding against Stephens, therefore, cannot be said to force him to engage in any illegal or unethical activity.

Having found that no material misrepresentations had been made by TES, the arbitrator merely pointed out that it was not TES' fault that Stephens felt "that he was not morally or ethically in accord with the general belief system of the TES franchise business... (Award of Arbitrator, paragraph 13)." Although an award in arbitration can be vacated if it violates public policy, the test is one of public policy not of private ethical views. The arbitrator recited the exhaustive list of the alleged misrepresentations and described Stephens' claims that the misrepresentations amounted to violations of the Connecticut Unfair Trade Practices Act, common law fraudulent misrepresentations, negligent misrepresentations and violations of the Florida Franchise Act (Arbitrator's Award, paragraph 11). He then stated: "Upon each and every one of these claims, the Arbitrator finds in favor of [the TES Parties] (Arbitrator's Award, paragraph 12)."

In order to find that this Arbitrator's Award violates public policy, the court must first find that the activities of the Defendants violate the Connecticut Unfair Trade Practices Act, the Florida Franchise Act or one of the common law doctrines asserted by the Plaintiff. For the reasons described extensively above and in the Defendant's briefs submitted to the arbitrator, there is no reasonable basis for a finding of such violations. Vacatur is not supported by the argument that the award violates public policy.

**VIII. Plaintiff failed to file the Motion to Vacate Arbitration Award within the thirty day time period required under Connecticut law which applies to this filing**

10

**because it is a substantive rule of law, and the Federal Arbitration Act provision allowing ninety days does not apply.**

Plaintiff agreed in his Consultant Franchise Agreement with the Defendant, that the "agreement shall be construed under the laws of the State of Connecticut (Consultant Franchise agreement, page 33, Exhibit 26 to Motion to Vacate)." Connecticut General Statutes section 52-420, requires the Plaintiff to have filed the Motion to Vacate within thirty days of the date of the arbitration award. The Federal Arbitration Act permits ninety days but the time limitation of the Federal Act does not apply in this case.

The time limitation at issue is a substantive question. Its substantive nature is determined by two factors. The time limitation is substantive, first, because it is not subject to waiver, and second, because the right to file a Motion to Vacate is a right that is created by statute.[2]

Although the agreement between the parties states that the arbitration shall be conducted in "accordance with the Federal Arbitration Act", this does not mean that the Federal Act controls questions of substantive law under the agreement. It does not change the agreement that Connecticut law will govern.

The FAA exists primarily to facilitate the process by which parties can agree to employ arbitration, this is accomplished by its only pre-emptive effect which is to prohibit state law from blocking arbitration. The FAA is not pre-emptive regarding the contracting parties right to agree that a particular state law shall govern the contract and

---

[2] *Ekstrom v. Value Health* 68 F.3d. 1391 (D.C. Cir. 1995) says in relevant part "Under Connecticut law 'time limits' may be either 'substantive' or 'procedural', and jurisdictional time limits are not subject to waiver and are thus considered substantive. *Sacco v. Young*, 555 A.2d. 986,988 (Conn. 1989). Under Connecticut law a statute of limitation is "substantive" when it applies to a right created by statute, as opposed to a right recognized at common law and substantive limitation periods apply in any forum in which the right is sought to be enforced. *Baxter v. Sturm, Ruger & Co.*, 644 A.2d 1297,1299,1302 (Conn. 1994)." The Connecticut limitation period under C.G.S. 52-420 is considered to be a substantive part of the statute granting the right to challenge an arbitration award, and it is not preempted by the ninety day provisions of the Federal Act. *Eckstrom, supra* at 1391-1392.

11

is not preemptive of the substantive thirty day limitation period of General Statutes section 52-420. [3]

For the reasons state above the Defendants respectfully submit that the Motion to Vacate should be denied.

TES FRANCHISING, LLC,
THE ENTREPRENEUR'S SOURCE, INC.
and TERRY POWELL,
By their attorney,

Scott C. Kern, Attorney at Law, LLC
205 Church Street, Suite 321
New Haven, CT 06510
scottkernlaw@hotmail.com
Telephone 203-782-9076
Fax 203-782-9081

---

[3] The Supreme Court stated that the "FAA contains no express pre-emptive provision nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 477(1989). Only when state law conflicts with the objective to encourage arbitration as created through the FAA, will the FAA pre-empt that state law. *Perry v. Thomas*, 482 U.S. 483.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **T. Barry Stephens** | : | **Civil Action No.** |
| **Plaintiff** | : | **3:01 CV 2267 (JBA)** |
| | : | |
| **v.** | : | |
| | : | |
| **TES Franchising, LLC,** | : | |
| **The Entrepreneur's Source, Inc.** | : | |
| **and** | : | |
| **Terry Powell** | : | |
| **Defendants** | : | **December 16, 2005** |

## <u>CERTIFICATION</u>

This shall certify that the foregoing Defendant's Memorandum in Opposition to Plaintiff's Motion to Vacate Arbitration Award was sent, postage prepaid, to all counsel, pro se and non appearing parties on this 16th day of December, 2005 as follows:

Attorney John Q. Gale
Gale & Kowalyshyn
363 Main Street, 4th Floor
Hartford, CT  06106

Attorney Mark Klein
2201 Commerce Twr
911 Main St
Kansas City, MO 64105-2009

_____
Scott C. Kern