UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| T. Barry Stephens | : | Civil Action No. |
| Plaintiff | : | 3:01 CV 2267 (JBA) |
| | : | |
| v. | : | |
| | : | |
| TES Franchising, LLC, | : | |
| The Entrepreneur's Source, Inc. | : | |
| and | : | |
| Terry Powell, | | |
| Defendants | : | January 24, 2006 |

Defendants' Surreply Memorandum in Opposition to
Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Vacate

I.  PRELIMINARY STATEMENT

The Defendants, TES Franchising, LLC, The Entrepreneur's Source, Inc. and Terry Powell respectfully file this Surreply to the Plaintiff's Reply Memorandum dated December 22, 2005, and request that the court deny Plaintiff's Motion to Vacate.

II.  ARGUMENT OF LAW

A. The Arbitrator's Award is not in manifest disregard of the law with respect to CUTPA.

The Arbitrator found that none of the Plaintiff's claimed misrepresentations are material or significantly misleading. The Plaintiff failed to prove the first of three conditions required to satisfy a CUTPA claim. Having so concluded, the Arbitrator appropriately denied the Plaintiff's claims.

The Plaintiff now argues mere assumptions about what the Arbitrator's intentions were and draws illogical inferences from the plain and clear language of the award. The proposition that the Arbitrator intentionally avoided the use of certain terms and made strong inferences when stating that his findings only apply to the present parties is not supported by the arbitrator's clearly written award. The Plaintiff has failed to satisfy his burden of proof that the award is in manifest disregard of the law and his motion should be denied.

**B. There is no misstatement of fact in the Arbitrator's Award, nor evidence of partiality.**

The bulleted paragraphs on pages 15 and 16 in the Plaintiff's Memorandum in Support of his Motion to Vacate do not constitute "facts", but the Plaintiff's own interpretation of the evidence and his attempt to relitigate the same. The Plaintiff obviously believes the Arbitrator's conclusions were incorrect. However, neither error, clear error nor gross error are grounds for vacating an award. *Major League Baseball Players Ass'n v. Garvey*, 532 U.S.. 504, ---, 121 S.CT. 1724, 1728, 149 L.Ed.2d 740 (2001).

Further the Plaintiff argues that the Defendants have not offered any basis to justify the Arbitrator's alleged "manifest disregard of the facts" in Paragraph 13 of the Arbitration Award. However, "manifest disregard of the facts" is not one of the limited reasons for vacating an

arbitrator's award available under law, and it is not the Defendants' burden to prove the Plaintiff's case. *Success Systems, Inc. v. Maddy Petroleum Equipment, Inc.*, 316 F.Supp.2d 93, 96-97, 99 – 100 (May 3, 2004)

**C. The Consultant Franchise Agreement does contain an acknowledgement from the Plaintiff that no representations had been made to him beyond the scope of certain documents.**

In addition to Section 24.01 of the Consultant Franchise Agreement (See Plaintiff's Exhibit 26 of Motion to Vacate), the Defendants refer the Plaintiff and this court to Section 19.01, which states that there are no oral or written understandings or agreements between the parties beyond the scope of the Franchise Agreement and ancillary documents executed contemporaneously with the same.

**D. A claim that the Arbitrator's Award did or could have condoned a violation of public policy is not a recognized basis upon which to vacate an award.**

It appeared in the Plaintiff's initial memorandum of law (See Plaintiff's Memorandum at p. 21) the he was asserting a claim that the arbitrator's award violated public policy, citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 42, 98 L.Ed.2d 286, 108 S.Ct. 364 (1987). *Misco* does recognize a public policy exception that permits a court to decline to enforce an arbitrator's award when the award itself violates public policy. However, the Plaintiff in his reply states his argument was not that the award itself violates public policy, but that it "condones violation of public policy" (See Plaintiff's Reply Memorandum at p. 5). The Defendants are at a loss to understand why the Plaintiff would cite *Misco* for this proposition.

There is no legal basis for vacating an arbitrator's award on the ground that it "condones the violation of public policy."

## III.  CONCLUSION

For all the reasons set forth in the Defendants' Opposition to Plaintiff's Motion to Vacate and in this Surreply, the Defendants respectfully request this court to deny the Plaintiff's Motion to Vacate.

        THE DEFENDANTS
        TES Franchising, LLC; The Entrepreneurs
        Source, Inc.; and Terry O. Powell
        By Their Attorneys

        Scott C. Kern, Attorney at Law
        Church Street, Suite 321
        New Haven, CT 06510
        Phone: 203-782-9076
        Fax:  203-782-9081
        Federal Bar No.: CT24822

        Alec G. Sohmer, Esq.
        71 Legion Parkway, Suite 23
        Brockton, MA  02301
        Tel. No.:  (508) 583-6510
        Fax No.:  (508) 583-1263
        Fed. Bar. No.:  ct23332

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| T. Barry Stephens<br>Plaintiff | : <br> : <br> : | Civil Action No.<br>3:01 CV 2267 (JBA) |
| v. | : <br> : | |
| TES Franchising, LLC,<br>The Entrepreneur's Source, Inc.<br>and<br>Terry Powell<br>Defendants | : <br> : <br> : <br> : <br> : | January 24, 2006 |

## CERTIFICATION

This shall certify that the foregoing Defendant's Surreply Memorandum in Opposition to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Vacate was sent, postage prepaid, to all counsel, pro se and non appearing parties on this 24th day of January 2006 as follows:

Attorney John Q. Gale
Gale & Kowalyshyn
363 Main Street, 4th Floor
Hartford, CT  06106

Attorney Mark Klein
2201 Commerce Twr
911 Main St
Kansas City, MO 64105-2009

_____
Scott C. Kern