UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| T. Barry Stephens,<br>Plaintiff | : | Civil Action No.<br>3:01 CV 2267 (JBA) |
| v. | : | |
| TES Franchising, LLC,<br>The Entrepreneur's Source, Inc.,<br>and<br>Terry Powell,<br>Defendants | : | February 20, 2006 |

## MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR SANCTIONS

### I. PROCEDURAL HISTORY

On June 16, 2000, certain of the above captioned parties entered into a Consultant Franchise Agreement pursuant to which the TES Franchising, LLC granted the Plaintiff a limited license to operate a franchised business. On February 22, 2001, the Plaintiff voluntarily closed his franchise and terminated the franchise agreement.

The Defendants filed a Demand for Arbitration against the Plaintiff on November 13, 2001 claiming breach of the agreement. The Plaintiff then filed a Complaint against the Defendants in the United States District Court for the District of Connecticut on December 5, 2001 alleging violation of the Connecticut Unfair Trade Practices Act, fraud, fraudulent misrepresentation, negligent misrepresentation and violation of the Florida Franchise Act. The

Defendants moved to compel arbitration, whereafter this Court stayed the Plaintiff's action and ordered the parties to arbitrate the claims asserted in accordance with the arbitration provisions of the franchise agreement.

The matter of *Barry Stephens and TES Franchising, LLC, The Entrepreneur's Source, Inc. and Terry Powell*, case number 12 114 00967 01 administered by the American Arbitration Association was heard on May 17 – 20, 2005. The arbitrator issued his decision on August 18, 2005.

The Plaintiff has now moved to vacate the award. The Defendants respectfully submit to this court that the Plaintiff's Motion to Vacate and Memoranda of Law in support thereof have been filed in violation of Rule 11 of the Federal Rules of Civil Procedure, and sanctions should be imposed.

## II. ARGUMENT OF LAW

Rule 11 of the Federal Rules of Civil Procedure requires that every motion be signed by an attorney of record, and that such signature certifies the merits of the document. Counsel thereby certifies to the court that the motion has not been "presented for any improper purpose, such as to harass or to cause ... needless increase in the cost of litigation." Rule 11(b)(1). In addition, counsel thereby certifies that the "claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the ... reversal of existing

law ... ." Rule 11(b)(2). Further, counsel thereby certifies that "allegations and other factual contentions [made] have evidentiary support or ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ... ." Rule 11(b)(3).

Rule 11 imposes an affirmative duty upon each attorney to conduct a reasonable inquiry into the facts, the law and the viability of a document before signing and filing. Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998); Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 551 (1991). Reasonable inquiry requires the attorney to seek credible information rather than to proceed upon mere suspicion or supposition. California Architectural Building Products v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1987); see also Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987) (lawsuit cannot be used as a "speculative effort to find someone financially liable for plaintiff's injuries"). Thus, a pleading containing allegations unsupported by any information obtained prior to filing, or allegations based upon information that minimal factual inquiry would disprove can subject the author of the pleading to sanctions. See In re Kunstler, 914 F.2d 505, 516 (4th Cir. 1990).

In the case at bar, the Plaintiff's Motion to Vacate violates Rule 11(b) (1) - (3) for the following reasons[1]:

1. The Plaintiff's motion is based upon assumptions and inferences regarding the arbitrator's award which are wholly unsupported by the text of the arbitrator's award

---

[1] The reasons proffered by the Defendants for the imposition of sanctions under Rule 11 are more particularly outlined in the Defendant's Memorandum in Opposition to the Plaintiff's Motion to Vacate and Defendants' Surreply Memorandum in Opposition.

or by evidence of any kind. The Plaintiff grossly mischaracterizes and misquotes said award, in violation of Rule 11(b)(3).

2. The Plaintiff's claim that an award which condones violation of public policy (but does not violate public policy) is a basis for vacatur, citing Misco, is a legal contention which is not warranted by existing law and is a frivolous contention in violation of Rule 11(b)(3).

3. The Plaintiff's claim that manifest disregard of the facts (as opposed to manifest disregard of the law) is a basis for vacatur is a legal contention which is not warranted by existing law and is a frivolous contention in violation of Rule 11(b)(3).

4. As the Plaintiff's claims are factually groundless and legally frivolous, it is clear that the purpose of the Motion to Vacate was to harass and/or needlessly increase the cost of litigation, in violation of Rule 11(b)(1).

## III. CONCLUSION

For all the foregoing reasons, the Defendants move that sanctions be imposed pursuant to Rule 11. Further, since the Motion to Vacate was brought for an improper purpose in violation of Rule 11(b)(1), sanctions should include the award of attorney's fees to the defendants. Therefore the Defendants request the opportunity to put on evidence of their attorney's fees incurred in responding to Plaintiff's Motion to Vacate.

THE DEFENDANTS
TES Franchising, LLC; The Entrepreneurs
Source, Inc.; and Terry O. Powell
By Their Attorneys

_____
Scott C. Kern, Attorney at Law
Church Street, Suite 321
New Haven, CT 06510
Phone: 203-782-9076
Fax: 203-782-9081
Federal Bar No.: CT24822

_____
Alec G. Sohmer, Esq.
71 Legion Parkway, Suite 23
Brockton, MA 02301
Tel. No.: (508) 583-6510
Fax No.: (508) 583-1263
Federal Bar. No.: ct23332

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| T. Barry Stephens, Plaintiff | : | Civil Action No. 3:01 CV 2267 (JBA) |
| v. | : | |
| TES Franchising, LLC, The Entrepreneur's Source, Inc. and Terry Powell, Defendants | : | February 20, 2006 |

## CERTIFICATION

This shall certify that the foregoing Defendants' Memorandum of Law in Support of Motion for Sanctions was mailed, postage prepaid, to all counsel, pro se and non-appearing parties on this 20th day of February 2006 as follows:

Attorney John Q. Gale
Gale & Kowalyshyn
363 Main Street, 4th Floor
Hartford, CT 06106

Attorney Mark Klein
Mark J. Klein, P.C.
1102 Bryant Building
1102 Grand Boulevard
Kansas City, MO 64106

_____
Scott C. Kern